**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Roberson,<br><br>        Plaintiff,<br><br>v.<br><br>County of Cochise, et al.,<br><br>        Defendants. | No. CV-18-00587-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendants Juan C. Hoke and Cochise County's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 19.) Plaintiff filed a response (Doc. 20), and Defendants a reply (Doc. 21). The matter is fully briefed, and the Court finds that oral argument is not necessary for a fair adjudication. LRCiv 7.2(f). Because Defendant Hoke is entitled to qualified immunity, the Court will grant the Motion to Dismiss.

**I.    Factual Allegations in Second Amended Complaint**

Plaintiff alleges that on a Friday night in October 2017, he was at the Doc Holliday's Saloon in Tombstone with his wife. He had checked two guns at the bar. Plaintiff encountered an argument, exchanged words with some patrons, and took out a folding knife –though he claims he never opened it. (Doc. 16 at ¶VI, ¶VII(6).) The bartender then asked him to leave and returned Plaintiff's guns. But, while still inside the bar, Plaintiff put one gun in his holster, and "began to put the cylinder back into the blackpowder pistol, [when] the bartender sa[id] she told him not to load his gun in the bar." *Id*. at ¶VII, 5. At that point,

another patron pushed past a security guard, grabbed the .45 caliber from Plaintiff's holster, and struck Plaintiff with the butt of the gun while other patrons joined in, beating and kicking Plaintiff. *Id*. at ¶VI, VII. To defend himself, Plaintiff fired the second pistol towards the ceiling; attempting to fire a warning shot. He then fired another shot that hit one of the assailants in the calf. *Id*. at ¶ VI, VII.

Plaintiff was arrested and detained in relation to the incident.

Plaintiff's Second Amended Complaint raises claims against lead Detective Hoke in his personal and official capacity and Cochise County for False Imprisonment, False Arrest, Negligence, Negligent Failure to Supervise, and a §1983 claim in conjunction with his arrest and detention as a result of this incident. (Doc. 16.)

## II. Standard of Review

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully–harmed–me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). While dismissal is appropriate

if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). However, the Court has broad authority to deny leave to amend where the claimant has been previously permitted to amend the complaint. *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

### III. Qualified Immunity

"Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (citing *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010); *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011). To be clearly established, the right must be such that "every reasonable official would have understood that what he was doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quotation marks omitted). Indeed, the clearly established law cannot be a generalized inquiry, but must be specific to the facts of the instant case. *White v. Pauly*, 137 S. Ct. 548, 552 (2017). But, even when an officer has violated a clearly established law, if the mistake was reasonable he is still entitled to immunity. *Sjurset v. Button*, 810 F.3d 609, 621 (9th Cir. 2015); *Blackenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007). In fact, qualified immunity covers "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A court may grant a motion to dismiss based on qualified immunity if the court "can determine, based on the complaint itself, that qualified immunity applies." *Groten v. Calif.*, 251 F.3d 844, 851 (9th Cir. 2001).

To arrest an individual, an officer must have a reasonable belief, given the facts available at the time, that the person committed or is committing a crime. *Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001). This is an objective standard based on the

totality of the circumstances at the time of arrest. *D.C. v. Wesby*, __ U.S. __, 138 S. Ct. 577, 586 (2018). Furthermore, the probable cause threshold is low. *Id.*

**IV. Discussion**

Plaintiff makes two arguments why Defendant is not entitled to qualified immunity. First, there was more information available to Detective Hoke that Plaintiff had not committed an offense. (Doc. 20 at 9-10.) Second, Detective Hoke's belief that Plaintiff had committed a crime was unreasonable. *Id.* at 10-11.

Plaintiff asks the Court to find that Defendant does not enjoy qualified immunity because there existed more reliable evidence suggesting he did not commit a crime. As shown in Plaintiff's pleaded facts, the witnesses disagreed about the series of events. However, Plaintiff concedes that Detective Hoke had information that: (1) Plaintiff had a pocket knife out in the bar[1], (2) he exchanged angry words with another patron; (3) he was asked to leave because of his disruptive behavior; (4) he was loading his weapon in the bar despite being told not to do so; and (5) he fired two shots, one which struck an alleged assailant in the leg.

Furthermore, Plaintiff admits that the alleged assailant that was shot in the calf informed authorities that he witnessed Plaintiff loading his gun despite the bartender's warning, overheard the bartender telling Plaintiff to leave, and witnessed Plaintiff continue arguing with the bartender. These alleged facts create probable cause that Plaintiff did or was committing an offense–whether it be disorderly conduct, A.R.S. §13-2904(A)(1)-(3), (6), aggravated assault, A.R.S. §13-1204(A)(1)-(2), or misconduct for brandishing the pocketknife, A.R.S. §13-3102(A)(10).

Plaintiff's argument also fails because he cites to no cases with similar facts demonstrating Detective Hoke should have understood he was violating Plaintiff's rights

---

[1] It is disputed whether the pocketknife was open or closed. Plaintiff admits that the bar's bouncer and patron Alayna Dalton informed investigating officers that Plaintiff pulled out the pocketknife and another individual told him to put the knife away. (Doc. 16 at ¶ VII(2); *Id.* at ¶VII(5).) Whether the knife in fact was open is not dispositive to the Court's determination of qualified immunity. Rather, the Court notes that based on the allegations in the Second Amended Complaint, Detective Hoke may have reasonably believed Plaintiff had brandished the weapon.

- 4 -

by arresting him after relying on the statements of one witness over other witnesses. Plaintiff has failed to meet his burden of demonstrating that Detective Hoke's actions were clear constitutional violations. Nor has Plaintiff demonstrated that his right was clearly established. Detective Hoke's determination that he had probable cause for arrest was objectively reasonable. Because the arrest was subject to qualified immunity, the other claims–founded on the lack of probable cause–are also covered under qualified immunity.

The Court further finds that amendment is futile. Plaintiff has had three opportunities to correct the deficiencies in the Complaint. Therefore, the Court will dismiss this matter with prejudice.

Accordingly, IT IS ORDERED Defendants' Defendants Juan C. Hoke and Cochise County's Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED. (Doc. 19.) This matter is DISMISSED with prejudice. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 9th day of May, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge